UNITED STATES of America,
Plaintiff,

v.

Cecil MANNING, as Registrar of Voters
of East Carroll Parish, Louisiana, and
The State of Louisiana, Defendants.

Civ. A. No. 8257.

United States District Court
W. D. Louisiana,
Monroe Division.

July 24, 1962.

See also 205 F.Supp. 172.

St. John Barrett, Frank Dunbaugh, Gerald P. Choppin, Washington, D. C., Edward L. Shaheen, U. S. Atty., for Western District of Louisiana, for plaintiff.

Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Carroll Buck, First Asst. Atty. Gen., Albin P. Lassiter, Dist. Atty., Fourth Judicial District, Thompson L. Clarke, Dist. Atty., Sixth Judicial District, Harry J. Kron, Jr., William P. Schuler, Asst. Attys. Gen., Thomas W. McFerrin, Special Counsel, Cecil Manning as Registrar of Voters of East Carroll Parish, Louisiana, and the State of Louisiana, for defendants.

Before WISDOM, Circuit Judge, and CHRISTENBERRY and HUNTER, District Judges.

WISDOM, Circuit Judge.

The United States instituted suit in April 1961 alleging that the Registrar of Voters for East Carroll Parish discriminated against Negro citizens who applied to register to vote in the parish. May 30, 1962, the Court entered judgment in favor of the plaintiff. The Court found that Negro citizens in East Carroll Parish had been deprived of rights secured by the Civil Rights Act, 42 U.S.C.A. § 1971(a), in accordance with "a pattern and practice of racial discrimination" within the meaning of 42 U.S.C.A. § 1971(c). July 12, 1962, the Court entered an order declaring that

certain Negroes were qualified under Louisiana law to vote and directing that the Clerk prepare a Certificate of Qualification for each such person no later than July 23, 1962. July 19, the State of Louisiana filed suit in the state courts against Judge Edwin F. Hunter, Jr., the district judge to whom the original proceeding was assigned, and obtained a temporary restraining order against Judge Hunter enjoining him from signing the certificates. The case was removed to the federal court and after a hearing on July 24th was dismissed on the ground that the state court lacked jurisdiction over the subject matter. July 23 the State of Louisiana filed a pleading entitled "Complaint and Motion" attacking the constitutionality of Title VI of the Civil Rights Act of 1960 and asking that a preliminary injunction be issued against Judge Hunter, his successors and assigns, restraining him from executing or enforcing the provisions of 42 U.S.C.A. § 1971(e). The "Complaint and Motion" requested that a three judge court be convened. A three judge court was convened and on July 24, 1962, heard argument on the constitutional question.

The constitutional attack is leveled at the provision in Section 1971(e) that:

"The court, or at its direction the voting referee, shall issue to each applicant so declared qualified a certificate identifying the holder thereof as a person so qualified."

The Attorney General for Louisiana contends:

"(1) The provision is an improper delegation of executive power to the judiciary, in violation of the principle of separation of powers in that it makes the judge a registrar;

"(2) The Act invades the rights reserved to the states under the Tenth Amendment;

"(3) Issuance of registration certificates is not 'a case or controversy' within the meaning of Article III, Section 2, of the Constitution."

The short answer to these contentions is that they rest on a misunderstanding of what the Act says and what the district judge does.[1] The Act does not require him to function as a Registrar, even as to the issuance of certificates. The Act does not authorize the issuance of what is known as a "registration certificate" in Louisiana; it authorizes an entirely different certificate identifying the holder as qualified to vote by judgment of the Court. The certificate under the Act is a judicial notice to election officials and commissioners that the holder has a judgment of court entitling him to vote.[2] In short, the court functions as a judge, not as a registrar.

1. At a later date the Court will give its reasons in somewhat greater detail.
2. The Court's certificate reads:

"CERTIFICATE OF QUALIFICATION TO VOTE

It is hereby certified that

_____ ,
(Name)

_____ ,
(Address),

who is affiliated with the _____ Party, has been declared qualified by Order of The United States District Court for the Western District of Louisiana to vote in Ward _____ , Precinct _____ of _____ Parish, Louisiana.

_____
United States District Judge

Date: _____ "

The controversy is between the United States of America as the guardian of the public interest (see United States v. Raines, 1960, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524) and the State of Louisiana. The finding of a pattern of discrimination is decision-making. The determination of the question whether an applicant is qualified under Louisiana law as a voter requires the construction of a statute (preeminently a judicial function) and the weighing of evidence. The issuance and signing of a certificate is a small and ministerial act requiring no administrative discretion.

We recognize and respect the great importance of the Tenth Amendment in maintaining a balanced federalism. It may be a "truism" to some. It is not to us. But the Tenth Amendment is no bar to Title VI. It must be read along with the rest of the Constitution. The exercise of powers inherent in the States must conform to minimum standards established in the Fourteenth and Fifteenth Amendments.

We hold that the provision in question is constitutional.

There is grave doubt as to whether a three judge court was properly convened here. The so-called "Complaint and Motion" are in the nature of an answer; the constitutional attack is a defensive contention; the motion for an injunction asks the Court to enjoin itself. Nevertheless, the State of Louisiana is in this litigation; the language of Section 2282 of Title 28 is unequivocal; the point at issue has never been decided. In order to eliminate uncertainty as to the legal effect of the court having been improperly convened, each judge of this Court expressly adopts as his own findings, conclusions, and decree all of the findings, conclusions, and decree of this three judge court.

The complaint is dismissed. The motion for an injunction is denied.